IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFERY L. STANTON,
Inmate # 214452
     Plaintiff,

vs.                                  Case No.: 5:15cv313/MMP/EMT

RICHARD SELLERS,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC")
proceeding pro se, commenced this case by filing a civil complaint under 42 U.S.C.
§ 1983 (ECF No. 1). He also filed a motion to proceed in forma pauperis (ECF No.
2).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma
pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the prisoner
> has, on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  A prisoner who is no longer entitled to proceed in forma

pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to

do so warrants dismissal of his case without prejudice.  *See* Dupree v. Palmer, 284

F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district

court to dismiss the complaint without prejudice when it denies the prisoner leave to

proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the

prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v.

Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless

suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only

exception is if the prisoner alleges that he is "under imminent danger of serious

physical injury."  28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir.

2004).

The court takes judicial notice of several federal civil actions previously filed

by Plaintiff, while incarcerated, which were dismissed for failure to state a claim upon

which relief may be granted.  *See* Stanton v. State of Florida, No.

3:04cv34/MCR/EMT, Order (N.D. Fla. Nov. 16, 2004) (dismissing civil rights

complaint for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii)); Stanton v. State

of Florida, No. 3:12cv68/LAC/CJK, Order (N.D. Fla. Mar. 20, 2012) (same); and

Stanton v. State of Florida, No. 3:12cv177/MCR/EMT, Order (N.D. Fla. June 5, 2012)

(same).[1]  Accordingly, Plaintiff may not litigate this case in forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, *supra*.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350.  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

---

[1] The FDOC number of Plaintiff Jeffery L. Stanton in Case No. 3:04cv34/MCR/EMT, #0214452 (*see* ECF No. 19), is the same as Plaintiff's in this case.  Additionally, documents filed by Plaintiff Jeffery L. Stanton in all of the identified cases include information with confirm that he is the same Plaintiff.  For example, the motions to proceed in forma pauperis filed in all of the identified cases, as well as this case, identify his wife as Lesa Stanton (ECF No. 2 at 2).  *See* Case No. 3:04cv34/MCR/EMT, Motion to Proceed In Forma Pauperis (N.D. Fla. Feb. 25, 2004); Case No. 3:12cv68/LAC/CJK, Motion to Proceed In Forma Pauperis (N.D. Fla. Feb. 13, 2012); Case No. 3:12cv177/MCR/EMT, Motion to Proceed In Forma Pauperis (N.D. Fla. Apr. 11, 2012).

likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").  Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff asserts that Defendant Dr. Richard Sellers, a private physician employed at a hospital in Gulf Breeze, Florida, acted with deliberate indifference to his serious medical needs by leaving a small metal object in Plaintiff's shoulder during surgery on January 17, 2011 (*see* ECF No. 1).  Plaintiff seeks compensatory and punitive damages (*id.* at 7).

Plaintiff's complaint does not include any factual allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Therefore, he failed to demonstrate he qualifies to proceed under the imminent danger exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See* Dupree, 284 F.3d at 1236. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 10th day of December 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**